### T. L. FOX *et al.* v. JAMES E. CAMPBELL *et al.*

TRIAL — *Directing Verdict.* It is error for the trial court to instruct the jury to return a verdict in favor of the plaintiffs, unless the court can say that the defendants have entirely failed to make out some one or more of the material facts of their defense.

*Error from Sedgwick Common Pleas Court.*

ACTION by *Campbell* and three others, partners as Mason, Campbell & Co., against Wilson & Fox, on an account for goods sold. Verdict and judgment for plaintiffs, at the November term, 1889. Defendants bring error.

*Smyth & Douglass,* for plaintiffs in error:

When a demurrer is properly sustained, it is the duty of the court to submit the question of damages to the jury, under

proper instructions. In this case the court erred in assessing the damages and instructing the jury to return a verdict for the plaintiffs for the damages thus assessed by the court. *Jones v. Ireland*, 4 Iowa, 63.

A demurrer to the evidence not only admits the truth of the facts found, but admits every fact and every conclusion in favor of the other party which the evidence most favorable to him conduces to prove, or which the jury might have inferred from it in his favor. *Jones v. Ireland*, 4 Iowa, 63; *Christie v. Barnes*, 33 Kas. 317.

Assuming that the court properly entertained the demurrer in this case, measured by the rule stated, was there sufficient evidence to have warranted the court to submit the case to the jury? Where one of two joint debtors or a third person purchases property, and as a part of the consideration therefor assumes and agrees to pay the debt of the grantor due another, as between these parties the purchaser becomes the principal debtor and the seller occupies the position of a surety. *Calvo v. Davies*, 73 N. Y. 215; *Murray v. Marshall*, 94 id. 611; *Spencer v. Spencer*, 95 id. 353. There is no conflict in the evidence as to the sale and assumption in this case. The correspondence clearly proves an extension of four months to W. J. Wilson & Co., and the evidence clearly shows that it was without the knowledge or consent of the plaintiffs in error. The defendants in error had full and sufficient notice of the transactions between the plaintiffs in error and W. J. Wilson & Co. Here, then, new parties were introduced into the firm and assumed the liability for the goods, a new acceptance is given, a change is made in the form, terms and time of payment. This was all that was necessary to release the plaintiffs in error, and the court should have submitted the case to the jury. *Eagle Mfg. Co. v. Jennings*, 29 Kas. 657.

We think the court committed prejudicial error in entertaining and sustaining the demurrer of the plaintiffs, and in overruling and refusing plaintiffs' motion for a new trial.

*J. D. Houston,* and *W. H. Boone,* for defendants in error:

But suppose a little time had been granted Wilson beyond the date the bill was due: would this release Fox? There are no cases in the reports to that effect. Such doctrine would be unreasonable and unjust. The cases cited by counsel are not in point, even if they were in harmony with the great current of authority, which they clearly are not. 11 S. W. Rep. 1063; 12 id. 51. Even if Fox had actually proven an actual agreement with Mason & Co. for a release, there is no shadow of testimony to show any consideration for such agreement. Therefore the decision in 29 Kas. 657 is conclusive on the question. There is no evidence that Mason & Co. knew of any new partner, or accepted anyone in place of Fox.

Counsel cite 73 N. Y. 215 to show that Fox was released by extension, on the ground that Fox was only surety; but it says, on page 217, "if, in an agreement between a creditor and the principal debtor, extending the time of the payment, the remedies against the surety are reserved, the agreement does not operate as an absolute, but only as a qualified and conditional suspension of the right of action." "The stipulation in that case is treated in effect as if it was made in express terms, subject to the consent of the surety, and the surety is not thereby discharged."

Now read "Exhibit E," in latter part of letter to Wilson, granting extension, September 28, 1887: "We shipped these goods in good faith to Messrs. Wilson & Fox, and expect Wilson & Fox to pay us for them. As far as we are concerned, we have nothing to do with the dissolution of Wilson & Fox. If it would be any accommodation to Wilson & Fox to date bill November 1 instead of October 1, we have no objection, but would expect Mr. Fox also to consent to this change of dating, as we wish to have no misunderstanding with him in the matter.—MASON, CAMPBELL & Co."

This places Mason, Campbell & Co. within the rule very clearly. One of the conditions of the extension to Wilson was, that he was to get consent of Fox; if he did not, the ex-

tension was certainly not binding on Fox, or Mason & Co. It reserved all rights against Fox, at least. So, if the authorities counsel cite are sound in the main proposition, even yet the exception laid down clearly absolves Mason & Co.

As to 94 N. Y. 611, it is not at all in point. Neither is 95 N. Y. 353. Counsel cite no other authorities.

The following late authorities are conclusive on all the questions involved in this action: 29 Kas. 657; 25 Pac. Rep. 462; 30 Ohio St. 389; 1 Bates, Part., § 534; 12 S. E. Rep. 708; 74 Am. Dec. 429; Story, Part., §§ 153, 158. See *French v. Griffin*, 10 S. E. Rep. 166; 17 Am. & Eng. Encyc. of Law, 1150; 20 N. E. Rep. 163.

The taking in of a new partner by Wilson, after the dissolution with Fox, cannot be urged to show a consideration for releasing Fox, for "an incoming partner is not liable for the previous debts of the old firm unless he makes himself so by express agreement, and by such conduct as will raise the presumption of a special promise." 17 Am. & Eng. Encyc. of Law, 1116. Now, there is no evidence to show any agreement of any new party to pay Mason & Co.'s debt. And, moreover, there is no evidence to show that Mason & Co. agreed to release Fox and accept any incoming partner in his stead, even if there should have been an incoming partner. The authorities are uniform in holding that it must be shown affirmatively that Mason & Co. accepted the incoming partner in place of Fox, before Fox is released.

Even if the proceedings were actually shown by the imperfect record, we see nothing in the conduct of the court in directing a verdict for plaintiffs that would justify reversal, or that is even technically erroneous.

Opinion by GREEN, C.: W. J. Wilson, T. L. Fox and J. B. Fox were engaged in the mercantile business in the city of Wichita, under the firm-name of Wilson & Fox, in April, 1887, when the firm ordered a bill of goods of Mason, Campbell & Co., the defendants in error; some for immediate delivery and some to be shipped at a future date. It seems

that the goods ordered for the spring delivery were all paid for. The goods ordered for the fall delivery, amounting to $822, were received by the firm of W. J. Wilson & Co., the successors of Wilson & Fox, about the 28th day of September, 1887, but were not paid for. On the 1st day of September, 1887, the firm of Wilson & Fox agreed upon a dissolution, and on the 15th of the same month notified Mason, Campbell & Co. The formal dissolution of the firm of Wilson & Fox took place on the 27th day of September. When the firm of W. J. Wilson & Co. received the goods, they addressed a letter to Mason, Campbell & Co., in which they stated that they were under the impression that the order for the goods in question had been countermanded when the firm of Wilson & Fox dissolved, and asked the privilege of returning the goods, or that a new date be given them to enable them to keep the goods. Under date of October 25, 1887, Mason, Campbell & Co. wrote W. J. Wilson & Co., requesting them to keep the goods, and authorized them to alter the dating of the bill, so that it would read January 1, 1888, making the bill fall due February 1, and stated that they had made a corresponding change on their ledger. On November 18, 1887, the firm of W. J. Wilson & Co. returned a portion of the bill of goods, some to be exchanged for other goods and the balance to be credited on the account. The goods sent for exchange were accepted, but the others, sent to be credited, were declined. The transactions between the firms of W. J. Wilson & Co. and Mason, Campbell & Co. were without the knowledge and consent of T. L. and J. B. Fox.

Mason, Campbell & Co. brought suit against W. J. Wilson, T. L. and J. B. Fox, partners as Wilson & Fox, to recover the amount due on the account. After the introduction of the evidence in chief by the plaintiffs and defendants, the plaintiffs then offered evidence in rebuttal, and then filed a demurrer to the evidence of the defendants, which the court sustained, over the objections of the defendants, and directed the jury to return a verdict for the amount claimed by the plaintiffs against all the defendants. The plaintiffs in error

bring the case here, and say that the court erred in assessing the damages and instructing the jury to return a verdict for the plaintiffs. It is urged by the plaintiffs that there was sufficient evidence to have warranted the court in submitting the case to the jury, and that it was error not to do so. It is claimed that the correspondence between W. J. Wilson & Co. and Mason, Campbell & Co. indicated that the goods had been resold to the former. They were asked to keep the entire order, given an extension upon the bill, and permitted to exchange some goods.

We have carefully considered the testimony, and without expressing any opinion as to what is established by the evidence, we cannot say —

"That admitting every fact that is proved which is favorable to the defendants below, and admitting every fact that the jury might fairly and legally infer from the evidence favorable to the defendants, still they have utterly failed to make out some one or more of the material facts of their defense." (*Brown v. Railroad Co.*, 31 Kas. 1.)

If the evidence fairly tended to establish the defense pleaded it was clearly the duty of the trial court to have submitted all of the issuable facts to the jury, under proper instructions.

It is recommended that the judgment be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.

All the Justices concurring.